O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos.  ED CR-07-0145-RHW-1 |
| Plaintiff, | ED CV-11-1461-RHW |
| v. | |
| JUAN GUILLERMO NEVAREZ, | **ORDER DENYING MOTION TO VACATE** |
| Defendant. | |

The Defendant pleaded guilty to Conspiracy to Distribute a Controlled Substance, for which the Court sentenced him to 240 months imprisonment. The Court issued its judgment on June 1, 2010. That judgment was later amended twice–on June 29 and September 21, 2010–to correct minor clerical errors, but the length and terms of the sentence remained unchanged. *Compare* ECF Nos. 182, 184, & 192. He sought no direct appeal, and on September 13, 2011, the Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. The Court issued an Order to Show Cause why the motion was not time-barred. He and the Government have both filed briefs on the issue, and the Court now denies the motion.

## ANALYSIS

**A. Defendant's Section 2255 Motion is Untimely**

Because the Court imposed the Defendant's sentence after 1996, his motion is

**ORDER DENYING MOTION TO VACATE * 1**

deny 2255.ord.wpd

1  subject to the time limitations proscribed by the Antiterrorism and Effective Death

2  Penalty Act (AEDPA). AEDPA imposes a one-year statute of limitations that begins

3  to run from "the date on which the judgment of conviction becomes final." 28 U.S.C.

4  § 2255(f)(1). "[F]inality is normally defined by the imposition of the sentence." Flynt

5  v. Ohio, 451 U.S. 619, 620 (1987). Thus, where subsequent amended judgments do

6  not disturb the ultimate sentence imposed, they do not reset the limitations period.

7  *See, e.g.*, United States v. Greer, 79 Fed. App'x 974 (9th Cir. 2003); Colville v.

8  McKenna, 192 Fed. App'x 641, 642 (9th Cir. 2006) (holding that clerical

9  amendments to judgment do not reset limitations period for Section 2254 motion).

10 Untimely motions can be denied as procedurally defaulted.

11     Here, it is clear from the face of Defendant's motion that it is outside of the

12 limitations period. In the Defendant's case, the limitations period began to run on

13 June 21, 2010, when the fourteen-day period for filing a direct appeal ended. United

14 States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) (holding that a judgment is

15 final when the direct appeal filing period expires); FED. R. APP. P. 4(b)(1)(A) (setting

16 a fourteen-day time limit for filing a notice of appeal in a criminal case); FED. R. APP.

17 P. 26(a)(2) (delineating the method for computing the period and excluding the first

18 day of the period, intermediate Saturdays, Sundays, and legal holidays). The

19 Defendant was therefore required to file his Section 2255 motion on or before June

20 21, 2011, and his September 13, 2011, motion is untimely.

21 **B. Defendant Is Not Entitled to Equitable Tolling**

22     The Defendant asserts for the first time that he mailed his motion between May

23 27 and June 1, 2011,[1] and that the Court rejected receipt. He attaches to his response

24 copies of a Priority Mail envelope(s) addressed to the Clerk and argues this entitles

25 him to equitable tolling.

26     The Defendant can establish an entitlement to equitable tolling by

27 _____

28 [1]The Defendant's papers are inconsistent. His declaration states that he
mailed the motion on May 27, 2011, while his response indicates the date was
June 1, 2011.

**ORDER DENYING MOTION TO VACATE * 2**

deny 2255.ord.wpd

demonstrating: (1) that he has been pursuing his rights diligently; and (2) that extraordinary circumstances prevented compliance with the filing deadline. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). He must make a sufficient showing on both elements, and here he fails to demonstrate extraordinary circumstances—specifically, there is insufficient evidence that his motion was timely mailed but ultimately rejected. There are no postmarks on the envelopes he submits, but "09-26" appears on the return sticker affixed to one (ECF No. 241, at 15), suggesting that whatever that envelope contained was returned in late September, after the Defendant filed the motion that the Court received. The other envelope exhibit (Id. at 16), which also bears no USPS postmark or addressee information, indicates that it was taken in by the prison on August 29, 2011, but prison records show that the Defendant received no mail that day. Without the physical envelope, the Court cannot determine whether these two exhibits, which purport to be front and back images of a single envelope, in fact come from the same piece of mail. Their inconsistences compel the conclusion that they do not.

The Defendant has not established that equitable tolling applies in this case, and thus his motion remains untimely.

## C. Defendant Has Not Demonstrated Actual Prejudice or Miscarriage of Justice

Nonetheless, a procedural default, like the expiration of the statute of limitations, is excused if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). To meet the prejudice prong, the Defendant must demonstrate "that the errors ... worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." Cooper v. Neven, 641 F.3d 322, 327 (9th Cir. 2011) (internal citations omitted). The Defendant can demonstrate a fundamental miscarriage of justice by "establish[ing] that under the probative evidence he has a colorable claim of factual

**ORDER DENYING MOTION TO VACATE * 3**

1  innocence." Id.

2       Although the Court's show cause order invited the Defendant to make a
3  showing under Coleman, his response fails to do so. His single paragraph on the issue
4  ignores actual prejudice and does not provide "probative evidence [of] a colorable
5  claim of factual innocense," instead reciting only that he will be without a vehicle to
6  rectify the constitutional issues with his conviction and sentence. Even his motion,
7  which alleges procedural defects in his plea and sentencing hearings, does not argue
8  he is factually innocent. The Defendant thus fails to demonstrate that the Court should
9  excuse his procedural default.

10                                **CONCLUSION**

11      Because the Defendant's motion is untimely, he is not entitled to equitable
12  tolling, and he has not demonstrated actual prejudice or a fundamental miscarriage
13  of justice, his motion to vacate (ECF No. 235) is **DENIED**. The Court **DECLINES**
14  to issue a certificate of appealability. 28 U.S.C. § 2253(c).

15      **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
16  Order and forward copies to counsel and Defendant *at his prison address*.

17      **DATED** this 14th day of May, 2012.

18
19
20                        *s/Robert H. Whaley*
                          ROBERT H. WHALEY
21                        United States District Judge
22
23
24
25
26
27
28

**ORDER DENYING MOTION TO VACATE * 4**

deny 2255.ord.wpd